IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| BRUCE GOODMAN and MARY GOODMAN, | ) ) ) | |
| Plaintiffs, | ) ) ) | CIVIL ACTION CASE NO. |
| v. | ) ) ) | |
| CLAYTON COUNTY SHERIFF KEMUEL KIMBROUGH, SR., ROBYN BOLAND, and HERBERT FEEMSTER, | ) ) ) ) ) | |
| Defendants. | ) ) | |

## NOTICE OF REMOVAL

COME NOW, Defendants Sheriff Kemuel Kimbrough, Robyn Boland and Herbert Feemster (hereinafter collectively "Defendants"), with the consent of all Defendants, and, in accordance with 28 U.S.C. § 1441 and 1446(a) hereby gives notice of the removal of the civil action commenced in the State Court of Clayton County, styled <u>Bruce Goodman and Mary Goodman v. Sheriff Kemuel Kimbrought, Robyn Boland and Herbert Feemster</u>, Civil Action File Number: 2010-CV-06474-FF, showing this Court as follows:

1.

Plaintiffs Bruce Goodman and Mary Goodman commenced this civil action by filing the complaint in the State Court of Clayton County on September 2, 2010.

2.

Plaintiffs' action is founded on the United States Constitution and federal statutes. In particular, Plaintiff states as follows in the complaint's paragraph 3: "Because this cause of action is being brought pursuant to *42 USC § 1983 and the Eighth Amendment to the U.S. Constitution due process protection against cruel and unusual punishment…*" (emphasis added) (Compl. at 3; attached hereto as "Exhibit A). Therefore, jurisdiction is based upon 28 U.S.C. 1331 and 1343.

3.

This Notice of Removal is filed pursuant to 28 U.S.C. § 1441(a), which states in pertinent part as follows: "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

4.

Federal law provides that district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Therefore, a defendant may remove any civil action "founded on a claim or right arising under the Constitution, treaties or laws of the United States." 28 U.S.C. § 1441(b).

5.

Based on its plain language, Plaintiffs' complaint is founded on the Eighth, and Fourteenth Amendments to the United States Constitution as well as federal civil rights statutes codified at 42 U.S.C. §§ 1983. Accordingly, there is no question that the district court has original jurisdiction over the civil action Plaintiffs filed. By extension, this civil action is subject to removal to the district court pursuant to 28 U.S.C. § 1441.

6.

According to 28 U.S.C. § 1446, "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

7.

The complaint in this case was filed on September 2, 2010.  Service is purported to be accomplished with respect to all Defendants on September 2, 2010. (Special Agents' Entries of Service attached hereto as "Exhibit B")[1].

8.

Thus, this Notice of Removal is filed within thirty days after the receipt of a copy of the initial pleading in compliance with 28 U.S.C. § 1446.

9.

The United States District Court for the Northern District of Georgia embraces the place (Clayton County, Georgia) where the civil action is now pending.

10.

Defendants will provide written notice of the filing of this Notice of Removal to Plaintiffs promptly after filing the same as required by 28 U.S.C. § 1446(d).

---

[1] Defendants have also filed a Special Appearance reserving its defenses with respect to service due to the deficiencies in the service affidavits.

11.

Defendants will provide a true and correct copy of this Notice of Removal to the clerk of the State Court of Clayton County after filing the same as required by 28 U.S.C. § 1446(d).

12.

Defendant Clayton County Sheriff's Office, following consultation, fully agrees and consents to the removal of this civil action.

WHEREFORE, based on the forgoing facts and citations to authority, Defendants respectfully and unanimously request that this civil action be removed in its entirety from the State Court of Clayton County to the United States District Court for the Northern District of Georgia as provided by law.

This 23rd day of September, 2010.

_____
WINSTON A. DENMARK
Georgia Bar No. 211751
L'ERIN F. BARNES
Georgia Bar No. 141797

FINCHER DENMARK & WILLIAMS LLC
2262 Mount Zion Road
Jonesboro, Georgia 30236
770-478-9950 (office)
770-478-9948 (facsimile)
wdenmark@fdwlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| BRUCE GOODMAN and MARY GOODMAN, | ) ) ) | CIVIL ACTION CASE NO. |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| CLAYTON COUNTY SHERIFF KEMUEL KIMBROUGH, SR., ROBYN BOLAND, and HERBERT FEEMSTER, | ) ) ) ) | |
| Defendants. | ) ) | |

## CERTIFICATE OF COMPLAINCE

This is to certify, in accordance with LR 7.1D, that the forgoing **NOTICE OF REMOVAL** was prepared in Times New Roman 14 point font, which complies with the font and point selections approved by the Court in LR 5.1B and 5.1C.

This 23rd day of September, 2010.

_____
WINSTON A. DENMARK

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| BRUCE GOODMAN and<br>MARY GOODMAN, | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION CASE NO. |
| v. | ) ) | |
| CLAYTON COUNTY SHERIFF<br>KEMUEL KIMBROUGH, SR.,<br>ROBYN BOLAND, and HERBERT<br>FEEMSTER, | ) ) ) ) | |
| Defendants. | ) ) ) | |

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day served the opposing party in the foregoing matter with a copy of this **NOTICE OF REMOVAL** by depositing a copy of the same in the United States mail in a properly addressed envelope with adequate postage thereon to ensure delivery.

Larry E. Stewart, Esq.
LARRY E. STEWART and ASSOCIATES
485 S. Perry Street, Suite B
Lawrenceville, Georgia 30046

R. Andres Marierose, Esq.
1827 Powers Ferry Road
Building 6, Suite 202
Atlanta, Georgia 30339

This 23rd day of September, 2010.

_____
WINSTON A. DENMARK

# Exhibit "A"

IN THE STATE COURT OF CLAYTON COUNTY

STATE OF GEORGIA

| | |
|---|---|
| BRUCE GOODMAN, and MARY GOODMAN, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| CLAYTON COUNTY SHERIFF KEMUEL KIMBROUGH, SR., ROBYN BOLAND, and HERBERT FEEMSTER, | ) ) ) ) ) |
| Defendants. | ) ) |

CIVIL ACTION FILE

NO. *2010CV01474-FF*

---

**SUMMONS**

TO THE ABOVE NAMED DEFENDANT:    Sheriff Deputy Jailor Robyn Boland
Clayton County Jail
9157 Tara Boulevard
Jonesboro, Clayton County, GA 30236

You are hereby summoned and required to file with the Clerk of said Court and serve upon the Plaintiff's attorney, whose name and address is:

Larry E. Stewart, Esquire
485 S. Perry St., Suite B
Lawrenceville, Georgia 30046
(770) 822-1099

an answer to the complaint for damages, which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This the  2  day of  Sept. , 2010.

CLERK, STATE COURT OF CLAYTON COUNTY

BY: _____

Deputy Clerk

**SERVICE**

IN THE STATE COURT OF CLAYTON COUNTY

STATE OF GEORGIA

RECEIVED & FILED

SEP 0 2 2010

*Nancy M. Clark*
CLERK, STATE COURT
CLAYTON COUNTY

BRUCE GOODMAN,                )
and MARY GOODMAN,             )
                             )
        Plaintiffs,           )
                             )
vs.                          )
                             )   CIVIL ACTION FILE
CLAYTON COUNTY SHERIFF        )   NO. 2010CV00474-FF
KEMUEL KIMBROUGH, SR.,        )
ROBYN BOLAND, and             )
HERBERT FEEMSTER,             )
                             )
        Defendants.           )
                             )

---

## COMPLAINT FOR DAMAGES

1.

COME NOW Plaintiffs Bruce Goodman and Mary Goodman ("Plaintiffs" or

"Goodmans")  and file this Complaint for Damages ("Complaint") against Clayton County

Sheriff Kemuel Kimbrough, Sr. ("Kimbrough"), Robyn Boland ("Boland") and Herbert

Feemster ("Feemster") as follows:

JURISDICTION AND VENUE

2.

Kimbrough is liable in his official capacity as the Clayton County Sheriff for his

employees Boland's and Feemster's actions while within the scope of their employment.   All

actions by Boland and Feemster giving rise to this lawsuit occurred at the County jail located

in Clayton County, Georgia.  Jurisdiction and Venue are, therefore, proper in the State Court of Clayton County.

3.

Because this cause of action is being brought pursuant to 42 USC §1983, and the Eighth Amendment to the U. S. Constitution due process protection against cruel and unusual punishment, no ante litem notice prior to the filing of this lawsuit was required.   The Goodmans, however, in accordance with OCGA §36-11-1, by certified mail on June 17, 2009, did serve an ante litem notice.   A copy of the ante litem notice letter is attached hereto as Exhibit A (without the letter's exhibits).

4.

Kimbrough is liable for the Plaintiffs' damages and service can be perfected on Kimbrough by serving the Summons and Complaint on him at his place of employment, Clayton County Jail, located at 9157 Tara Boulevard, Jonesboro, Clayton County, Georgia 30236. Kimbrough is subject to the Jurisdiction and Venue of this Court.

5.

Boland and Feemster at all times relevant to this lawsuit were within the scope of their employment with Kimbrough and the  Sheriff's Office.  The County has purchased liability insurance that provides Kimbrough, Boland and Feemster coverage for the Plaintiffs' claims up to the limits of insurance purchased.

6.

Boland is liable for the Plaintiffs' damages and service can be perfected on Boland by serving the Summons and Complaint on him at his place of employment, Clayton County Jail,

located at 9157 Tara Boulevard, Jonesboro, Clayton County, Georgia 30236.  Boland is subject

to the Jurisdiction and Venue of this Court.

7.

Feemster is liable for the Plaintiffs' damages and service can be perfected on Feemster by

serving the Summons and Complaint on him at his place of employment, Clayton County Jail,

located at 9157 Tara Boulevard, Jonesboro, Clayton County, Georgia 30236.  Feemster is subject

to the Jurisdiction and Venue of this Court.

FACTS

8.

Bruce Goodman prior to September 9, 2008, suffered a serious neurological condition

that caused confusion and disorientation.  In the early hours of September 9, he left his home to

walk within his neighborhood and by mistake tried to enter a neighbor's home,  thinking it was

his house.  He was arrested for loitering and taken to the Clayton County Jail.

9.

When Bruce Goodman's wife, Mary Goodman, learned her husband had been arrested,

she immediately went to the Clayton County Jail to give notice of her husband's mental

condition, provide medical documentation and explained the need to keep him segregated for his

safety.  The notice and warning were ignored and Bruce Goodman was placed in the general jail

population.

10.

Bruce Goodman was assigned to cell number 7206.  On September 10, 2008, at

approximately 12:15 a.m., Officer P. D. Collier discovered Bruce Goodman had urinated on the

cell floor and was told by Bruce Goodman's cellmate that he had been exhibiting odd behavior

and talking to himself.  Officer Collier himself observed the odd behavior and notified Sergeant

N. J. Carter.

11.

Sergeant Carter advised that, "Mr. Goodman may be placed on administrative

segregation due to his altered mental status for his safety and the safety of others."  Instead of

Bruce Goodman being placed on administrative segregation, he was placed in cell number 7604

with Antonio Rasperry ("Rasperry"), another mental ill inmate, with a history of violence known

to the Sheriff's Office.

12.

During the evening of September 10, 2008, from 9 p.m. to 6 a.m. the  morning of

September 11, 2008, several inmates heard screaming and cries from cell number 7206 and

attempted to give notice of the emergency situation to Boland, an on duty sheriff's deputy jailor.

Boland ignored the cries for help and the warnings from the other inmates and disabled the

emergency call button that is in place for such situations.

13.

Feemster also was an on duty sheriff's deputy jailor that night.  He had the responsibility

to make route inspections each hour, physically check on each inmate and conduct a head count.

Feemster violated the Sheriff's Office's policies and procedures by doing none of the route

checks for nine (9) consecutive hours and by completing falsified reports contending the checks

had been completed.

14.

The morning of September 11, 2008, at 6 a.m. Feemster discovered Bruce Goodman had been severely beaten and seriously injured when he went to the cell to provide the morning breakfast.

15.

Because of the severe beating and the failure of Boland and Feemster to follow County policies and procedures, Bruce Goodman suffered serious lacerations, a close head injury, fractured ribs, bilateral nasal bone fractures and multiple other injuries.

16.

Bruce Goodman was immediately taken to Grady Hospital where he remained in intensive care for several days and received extensive follow-up treatments.   Bruce Goodman suffers permanent memory loss from the beating he received within the Clayton County Jail.

17.

Bruce Goodman's Eighth Amendment U. S. Constitutional Rights prohibiting cruel and unusual punishment, were violated while he was in the pre-trial detainee's jail cell.  He is entitled to be compensated for his personal injuries and damages pursuant to 42 USC §1983.

18.

Bruce Goodman's rights were violated because he was intentionally exposed to violence when Boland refused to investigate his cries for help and the warnings by other inmates. Feemster also contributed to Bruce Goodman's intentional expose to violence by his failure to follow established procedures that were required and would have prevented the nine (9) hours of beatings and injuries inflicted upon Bruce Goodman.

19.

Because Bruce Goodman was held in a cell with Rasperry, a known violent mentally ill inmate, he was placed in a substantial risk of serious harm. Boland and Feemster showed deliberate indifference to the possible harm which was the cause of the objective serious injuries to Bruce Goodman that required extensive medical treatment.

20.

The placing of Bruce Goodman in the general population showed conscious disregard of his noticed mental illness in the warnings from his first cellmate and Sergeant Carter. The actions of Boland and Feemster showing deliberate indifference were:

(a)     There was no response to the cries by Bruce Goodman or the other inmates.
(b)     Boland disabled the emergency call button.
(c)     Feemster failed to do the jail checks for nine (9) consecutive hours. and
(d)     Feemster falsified log entries and made false reports of cell checks and head counts.

21.

The findings of the internal failures investigation into this case, 20081A0073, confirmed the neglect of duty by Boland and Feemster. A prior disciplinary action for a neglect of duty shows Kimbrough and the Sheriff's Office were negligent in hiring, supervising and retention.

22.

Kimbrough, Boland and Feemster are liable to Bruce Goodman for his special and general damages. He is entitled to be compensated for his personal injuries and his pain and

suffering past, present and future.   Because of Defendants' actions, Bruce Goodman will be impaired for the remainder of his life.

23.

Mary Goodman is lawfully wedded to Bruce Goodman.  Because of Bruce Goodman's debilitating and permanent injuries, resulting from Defendants' actions, Mary Goodman has lost the enjoyment of her normal lifestyle and companionship with her husband.  Mary Goodman is entitled to be compensated by the Defendants for her loss of consortium.

24.

The conduct of the Defendants shows reckless and callous indifference to the Goodmans' federally protected rights, which authorizes the imposition of punitive damages under §1983.

WHEREFORE, the Goodmans pray for the following:

(a)    That Summons and this Complaint be issued and served upon the Defendants as provided by law;

(b)    That Bruce Goodman be fully compensated by the Defendants for his special and general damages in an amount to be determined by the enlightened conscience of an impartial jury;

(c)    That Mary Goodman be fully compensated by the Defendants for her loss of consortium in an amount to be determined by the enlightened conscience of an impartial jury;

(d)     That punitive damages be imposed against the Defendants in an amount

        to deter future similar conduct by the Defendants; and

(d)     **THAT THIS CASE BE TRIED BY A JURY OF TWELVE.**

This the 1st day of September, 2010.

                                        Respectfully submitted,

                                        LARRY E. STEWART AND ASSOCIATES

                                        BY:

                                           LARRY E. STEWART
                                           GA. BAR NO. 618612
                                           ATTORNEY FOR PLAINTIFFS

485 S. PERRY ST., SUITE B
LAWRENCEVILLE, GA 30046
770-822-1099

                                           R. ANDRES MARIEROSE, ESQUIRE
                                           GA. BAR NO. 141627
                                           ATTORNEY FOR PLAINTIFFS
                                           (Signed with Express Permission by LES)

1827 POWERS FERRY ROAD
BUILDING 6, SUITE 202
ATLANTA, GA 30339
404-806-8101

# LAW OFFICE OF GREGORY M. EVANS

### A PROFESSIONAL CORPORATION

1827 Powers Ferry Road, SE
Building 6, Suite 203
Atlanta, Georgia 30339

404-474-0470 Telephone
866-279-8606 Facsimile
greg@gregevanslaw.com

June 17, 2009

VIA CERTIFIED MAIL
RETURN RECEIPT REQUESTED

Michael Smith
County Attorney – Clayton County
112 Smith Street
Jonesboro, GA 30236

Fincher, Denmark & Williams, LLC
Attn: Winston Denmark
2262 Mount Zion Road
Jonesboro, GA 30236

Correct Health Clayton, LLC
Attn: Stacy Blackman, General Counsel
9020 Peridot Parkway
Stockbridge, GA 30281

### ANTE LITEM NOTICE PURSUANT TO O.C.G.A. 36-11-1
### AND PRE-LAWSUIT SETTLEMENT DEMAND

| | |
|---|---|
| Our Client: | Bruce Goodman |
| Liable Party/Defendants: | Clayton County Sheriff's Office<br>Clayton County<br>Correct Health Clayton, LLC<br>Robyn Boland<br>Herbert Feemster |
| Date(s) of Injury: | September 10, 2008 through September 11, 2008 |

Dear Mr. Smith, Mr. Denmark and Mrs. Blackman:

Please be advised, the Law Office of Gregory M. Evans, P.C. has been retained to represent Bruce Goodman in his claim for damages arising out of a severe injury that occurred as a result of the gross negligence of the medical and jail staff at the Clayton County Jail which began on September 10, 2008 and continued through the morning of September 11, 2008. While experience teaches that settlement demands are not always treated fairly and seriously, due to the egregious nature of this incident and the serious injuries involved, it is our sincere hope that the

EXHIBIT A

Bruce Goodman
June 16, 2009
Page 2

potential defendants will act in good faith and review this matter with the care and attention it deserves.

Pursuant to O.C.G.A. 36-11-1, we hereby give notice of our client's claim for personal injuries against Clayton County, Clayton County Sheriff's Office, Correct Health Clayton, LLC, Robyn Boland, and Herbert Feemster as more fully set forth below.

## STATEMENT OF FACTS

For several years prior to this incident, Mr. Goodman was diagnosed with serious and noticeable neurological conditions which cause him, among other things, to become confused and disoriented. On or around the early morning of September 9, 2008, Mr. Goodman wandered from his home. When he attempted to return home, he approached a neighboring house and tried to open the doors and windows in order to gain entry. The homeowner called the police and Mr. Goodman was arrested on September 9, 2008 at approximately 4:00 a.m. for "Loitering." He was immediately taken to Clayton County Jail, processed by the jail's intake and medical staff, and placed in general population.

Mr. Goodman's mental condition is noticeable and obvious. He exhibits clear signs of dementia and other mental illness; however, his behavior is non-violent and he has no history of violence. When Mrs. Goodman awoke that morning and learned that her husband had been taken to jail, she immediately went down to alert the jail that her husband had mental health issues and specifically requested that Mr. Goodman be segregated so as to prevent him from being harmed. Mrs. Goodman also presented the nursing staff with medical documentation regarding Mr. Goodman's condition prior to this incident. Clearly, the staff at the jail had prior notice of Mr. Goodman's mental condition. Despite her efforts, Mr. Goodman was still placed in general population and was not administratively segregated by the infirmary staff.

On September 10, 2008, prior to this incident, Mr. Goodman was assigned to cell #7206. At approximately 12:15 am on September 10, 2008, Officer P.D. Collier discovered Mr. Goodman in a puddle of urine and was notified by the other inmate that Mr. Goodman "stood at the door and started pissing at the door. He been talking to himself and grabbing for stuff that ain't there since he been in here." Officer Collier observed this odd behavior and notified Sergeant Carter. Sergeant Carter advised that "Mr. Goodman may be placed on Administrative Segregation due to his altered mental status for his safety and the safety of others." Officer Collier notified Nurse K. Harrison of the infirmary staff who advised that Mr. Goodman would be seen on "tomorrow's health screening list."[1] Instead of immediately taking Mr. Goodman out of general population and placing him in a safe area, Mr. Goodman was placed in cell #7604 with another mentally ill inmate, Antonio Rasperry. Mr. Goodman was not placed on a screening list and the next time he was seen by the infirmary staff was nearly 30 hours later when he was found severely beaten and covered in his own blood. *See* Photographs of Mr. Goodman attached hereto as **Exhibit "A."**

---

[1] See Incident Report filed by Officer P.D. Collier dated 9-10-2008 (included in Exhibit C).

Bruce Goodman
June 16, 2009
Page 3

During the night, Mr. Goodman was viciously attacked and his cries for help were heard through the vents of the jail by neighboring inmates. When other inmates attempted to report the attack, Officer Boland intentionally disabled the emergency call buttons so that those inmates could not contact her. Officer Feemster was supposed to make rounds and check on all of the inmates on Housing Unit 7 on an hourly basis. He was also supposed to physically check on each inmate and perform headcounts. Instead, Officer Feemster failed to properly check on Mr. Goodman for approximately nine (9) hours. Although no actual cell checks were performed, Officer Boland falsified reports to the contrary. The next morning at 6:00 a.m., Officer Feemster went into the cell for the breakfast feeding and discovered Mr. Goodman sitting upright in his bunk covered in a pool of his own blood. Mr. Goodman sustained multiple abrasions and lacerations to his face and several bones were broken in his face and body (a complete list of injuries is set forth on page 6 – "Injury and Damages"). The cell was considered a crime scene as blood was splattered on the walls and floor of the cell. Due to the seriousness of his injuries, Mr. Goodman was taken to Grady Hospital where he was admitted to the intensive care unit and received treatment for his extensive injuries for the next four (4) days. His beating was so severe that he sustained permanent memory loss, and due to his mental condition, he could not describe what happened to him. One thing is certain, he could not have inflicted such grave injuries upon himself.

## DISCUSSION OF LIABILITY

### A. Liability of Clayton County Sheriff's Office and Jail Staff:

Eighth Amendment cases have established clear guidelines for a pretrial detainee's rights to be free from cruel and unusual punishment. Extensive litigation under the Eighth Amendment has established that if a guard intentionally exposes a prisoner to violence, the prisoner's right to be free from cruel and unusual punishment has been violated. (Little v. Walker, 552 F.2d 193, 7th Cir. 1977) Among other things, Eighth Amendment cases have established that an inmate's right to be free from cruel and unusual punishment is violated when a jailer refuses to investigate a prisoner's cries for help. (Stokes v. Delcambre, 710 F.2d 1120, 5th Cir 1983; Matzker v. Herr 784 F2d 1142, 7th Cir 1984, rev'd on other grounds) In addition, the right to be free from cruel and unusual punishment is violated if the jailers fail to establish and follow adequate patrol procedures. Moreover, indifference to complaints with substance and known problems violates the right to be free from cruel and unusual punishment. (Little v. Walker, 552 F.2d 193, 7th Cir. 1977).

More importantly, the threshold inquiry in the 11th Circuit for 1983 cases are guided by Farmer v. Brennen, 511 U.S. 825, (1984). The Farmer case presents a two-part test: (1) Plaintiff must demonstrate an objectively serious injury. Anyone viewing the medical records and the photographs of the injuries suffered by Mr. Goodman can see that this prong is easily met. (2) The second prong requires Plaintiff to show a culpable state of mind. To meet this prong, Farmer requires the production of sufficient evidence of (a) a substantial risk of serious harm; (b) the defendants' deliberate indifference to that risk; and (c) causation." Purcell v. Toombs County, 400 F.3d 1313 (11th Circuit, 2005). These burdens will be easily met once again as follows: (a) placing two mentally ill inmates in the same cell presents its own set of

Bruce Goodman
June 16, 2009
Page 4

potential harm, especially when one of them has a history of attacking his previous roommate;
(b) Deliberate Indifference can be shown when a jailer refuses to respond to multiple cries for
help from both the victim and the surrounding inmates and intentionally disables emergency call
buttons that have been activated. Moreover, deliberate indifference can be shown when a jailer
fails to conduct cell checks and headcounts in contravention of jail policy and procedures for
nearly 9 hours. Deliberate indifference may also be evidenced by false log entries and false
reports of cell checks and headcounts when none had actually been done. Deliberate
indifference may also be shown when the jail and its medical staff have been put on notice of an
inmate's mental health issues, consciously disregards the information and places the mentally ill
person in general population. Deliberate indifference may also be shown where the jail
infirmary is notified by another jailer that an inmate needs to be segregated and fails to ever
conduct the screening to properly segregate the inmate. Finally, (c) causation can be shown as
the failures of the jail staff directly resulted in harm to Mr. Goodman.

Liability on the part of the jail staff at the Clayton County Jail in this case is clear.
Clayton County owed certain civil duties to Mr. Goodman when he was taken into custody and
on that date, Clayton County did fail in upholding those duties. Consistent with the findings of
the Internal Affairs Investigation Case #2008IA00073, Officer Boland and Officer Feemster
were both found to be neglectful in their duties by (a) <u>failing to conduct headcounts</u>, (b) <u>failing to
conduct cell checks</u>, and (c) <u>not addressing the inmate call button which allowed Bruce
Goodman to become injured in violation of Sheriff's Office Policies and Procedures</u>.

In addition to the above findings of the Internal Affairs investigation, Officer Boland and
Officer Feemster did also commit the following acts of negligence:

- Officer Boland wrote false entries into the log to show that Inmate Goodman
  exited his cell for freetime, when she did not actually see Inmate Goodman leave
  his cell;
- Officer Boland purposely ignored communications from other inmates attempting
  to tell her of the attack and turned off the emergency call button so that inmates
  could not contact her;
- Officer Feemster purposely failed to conduct hourly cell checks;
- Officer Feemster failed to properly perform a headcount as required by Sheriff's
  Office Policies and Procedures;
- Officer Boland left her post twice during her shift to take a "lunch break";
- Officer Feemster also ignored attempts from inmates to contact him and disabled
  the emergency call button of Inmate Toure;
- Officer Boland falsely reported the headcount as "clear" when no cell checks
  were actually performed.

All of the above acts of negligence were corroborated by testimony of other inmates as
well as Officer Boland and Officer Feemster. In fact, both officers have admitted their own
negligence as set forth in their statements made during the investigation of this matter. Officer
Feemster and Officer Boland were ultimately found guilty of violating Sheriff's Office Rules and
Regulations, Section 4.1, (2), e,f,g., Code of Conduct – Neglect of Duty (times 3) and Gross

Bruce Goodman
June 16, 2009
Page 5

Neglect of Duty. They were both recommended for termination by their superiors; however, the only action taken was "Suspended without pay for 30 days." Based on the records provided, it appears that Officer Feemster's suspension was later reduced. Their punishments were already light given the amount of harm caused to Mr. Goodman and the gross negligence of these officers; however, the fact that the punishment was also reduced is simply a proverbial "slap in the face" to Mr. Goodman and his family and is nothing short of gross negligence and deliberate indifference itself.

It is our understanding and belief that this is not the first time at least one of the officers in question have been subject to disciplinary action for neglect of duties while working in the Clayton County Jail. As such, you are hereby notified that we will also be making a claim for **Negligent Hiring, Supervision and Retention**. Other cases have dealt severely with just this type of claim: (See e.g., <u>Skinner v. Uphoff</u>, 234 F. Supp 2d 1208, D. Wyo. 2002: State prison officials failed to protect inmates from violence at the hands of other inmates, and in so doing, officials demonstrated deliberate indifference to serious and excessive risks to health and safety of inmates at prison, in violation of Eighth Amendment, by failing to adequately supervise and train subordinates in how to investigate and abate dangerous conditions, failing to develop and follow effective internal review process for reporting violations, and failing to adequately discipline malfeasant employees.)

Should this case go to trial, you are hereby notified that we will also seek punitive damages in this case. Clayton County Sheriff's Office had prior notice of Mr. Rasperry's violent propensities with other cellmates. In addition, Clayton County knew or should have known that Mr. Goodman and Mr. Rasperry were mentally ill and should not have been placed in the same cell. While all inmate attacks cannot be prevented, that an attack lasting up to nine (9) hours was deliberately ignored is astonishing and wholly inexcusable. It is unacceptable for an inmate to be alone for that much time without anyone noticing; however, even more unacceptable were the malicious acts of Robyn Boland when she consciously chose to ignore and disregard the cries of neighboring inmates as they sought help for Mr. Goodman. The intentional disabling of emergency call buttons without confirming that no emergency existed shows a complete and shocking disregard for the safety and welfare of the inmates she was charged to protect and oversee.

### B. <u>Liability of Correct Health:</u>

Deliberate indifference to a prisoner's serious medical and mental health needs also violates the Eighth Amendment's bar on cruel and unusual punishment. To make a case, a prisoner must establish (1) a serious mental health need, and (2) deliberate indifference to that need by prison officials with proof that they knew that the prisoner faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable steps to abate it. See generally, <u>Farmer v. Brennan</u>, 511 US 825 (1994). Moreover, cases have found liability in similar context where an inmate is assaulted after the jail officials placed him in a cell with a mentally ill person who presented an imminent potential for assault and substantial risk of danger. (See <u>Zarnes v. Rhodes</u>, 64 F3d 285 (1995).

Bruce Goodman
June 16, 2009
Page 6

One of the primary duties of the medical staff is to identify and segregate those individuals with mental illness from the rest of the inmate population upon entry into the jail. The purpose of the initial screening of mentally ill inmates is to avoid unfortunate incidents like this from happening. The infirmary had multiple opportunities to correctly screen and segregate Mr. Goodman. First, Mr. Goodman's wife informed them of his condition prior to the attack. Second, Mr. Goodman suffered from an obvious and easily noticed mental condition; however, the initial screening failed to place him safely in administrative segregation, and he was negligently placed in general population. Third, Nurse K. Harrison of the infirmary staff was notified directly by Officer P.D. Collier regarding Mr. Goodman's condition nearly twenty one (21) hours prior to when this incident began and failed to conduct any additional screening or take any reasonable steps to place Mr. Goodman in Administrative Segregation. The infirmary staff had no fewer than three (3) chances to properly segregate Mr. Goodman and prevent this from happening. Nonetheless, Mr. Goodman was perfunctorily placed in a cell with a highly dangerous and violent individual, Antonio Rasperry.

To make matters worse, given Mr. Rasperry's mental condition, he should have been segregated as well. Mr. Rasperry was clearly mentally ill and had a known history of violence. At least one inmate observed Mr. Rasperry attacking his two previous cell-mates.[2] The medical staff of Correct Health was negligent in its duties in allowing both of these mentally ill inmates to be placed in general population. The unfortunate result of such negligence was the violent beating of Mr. Goodman during an unobserved nine (9) hour period beginning at 9:00 p.m. on September 10, 2008 and ending at 6:00 a.m. on September 11, 2008. Clearly, the medical staff had multiple opportunities to prevent this from happening and failed to do so.

### INJURY AND DAMAGES

As a direct and proximate result of the negligence described above, Mr. Goodman has suffered substantial injuries. In addition, his wife is entitled to make a claim for loss of consortium. When Mrs. Goodman found her mentally ill husband, he was beaten almost beyond recognition, and he had sustained a whole list of injuries to his head, face, spine and ribs. In particular, Mr. Goodman suffered from the following non-exclusive list of major injuries:

1. Bilateral Periorbital Edema
2. Multiple Facial Hematomas
3. Cervical and Thoracic Spine Tenderness
4. Upper and Lower Lip Edema
5. Closed head injury
6. Fractured Ribs (x2)
7. Subdural hemorrhage of the left tentoriaum
8. Bilateral nasal bone fractures
9. Contusions behind left ear
10. Lacerations to the face and body

---

[2] See the statement of Calandra Carmichael provided in connection with Internal Affairs Investigation Case 2008IA00073 (included in Exhibit C).

Bruce Goodman
June 16, 2009
Page 7

Mere words are insufficient to describe the trauma Mr. Goodman and his family have experienced as a result of the negligence and carelessness of the staff at the Clayton County Jail. Following the attack, Mr. Goodman was rushed from the Clayton County Jail to the emergency room at Grady Hospital where a special trauma unit was assigned. Mr. Goodman was immediately placed in ICU where he remained for the next four (4) days. In addition, Mr. Goodman underwent numerous radiological exams (CT Scans, X-Rays, MRI's) in order to determine the extent of all of his facial and skull injuries. Once his major injuries were diagnosed, he was released back to the jail infirmary for the remainder of his care until he was finally released on his own recognizance on October 3, 2008.

The beating left Mr. Goodman with permanent memory loss, and his wife will tell you that her husband, although mentally ill prior to the incident, was simply not the same person afterwards.

<u>**ANTICIPATED WITNESSES, EVIDENCE AND SUPPORTING FINDINGS OF THE INVESTIGATION CONDUCTED BY THE CLAYTON COUNTY SHERRIFF'S OFFICE**</u>

Should this case proceed to trial, it will likely cost the taxpayers of Clayton County and/or its liability carrier significant legal expenses. While most cases deserve a proper defense, this case simply does not have any meritorious defense to present. The main wrongdoers have already admitted negligence and the Internal Affairs investigation provides a crystal clear roadmap for proving our claims. The question before a federal jury will not be if the defendants are negligent, but how much will be required to compensate Mr. Goodman and his wife for the serious injuries inflicted as a result of such negligence.

Nonetheless, if the defendants fail to listen to common sense and reason, we intend to call the following witnesses to testify on behalf of the Mr. Goodman and his family:

a.  **Herbert Feemster** – he will admit that he was deliberately indifferent and negligent in his duties, failed to perform headcount, and purposely ignored other inmates attempts to report the attack;

b.  **Robyn Boland** – she will admit that she was deliberately indifferent and negligent in her duties, that she falsified inmate activity reports, that she intentionally turned off emergency call buttons, and that she left her post for 2 lunch breaks during the time that Mr. Goodman was being beaten;

c.  **Calandra Carmichael** (Inmate in cell 7603) – will testify that he attempted to report the fight, that his call button was ignored and/or disabled, and that <u>**Mr. Rasperry had been seen fighting with two other cellmates prior to his attack on Mr. Goodman**</u>;

d.  **Darin Leon Slocumb** (Inmate in cell 7609) – will confirm that no headcount was performed, and that he overheard the attack;

Bruce Goodman
June 16, 2009
Page 8

    e.    **Elhadji Alpha Toure** (Inmate in cell 7612 ) – will testify that he heard the entire incident and "they were fighting the whole night; that man was screaming" and "begging for his life," that the fight began at approximately 9 p.m. and lasted until just before breakfast, and that his emergency call button was disabled by Officer Boland on multiple occasions;

    f.    **Intake Nurse** – will admit that she failed to properly segregate Mr. Goodman during his intake screening on September 9, 2008 and that she ignored Mrs. Goodman's attempts to notify them of Mr. Goodman's mental condition;

    g.    **Officer P.D. Collier** – will testify that he observed that Mr. Goodman was mentally ill at 12:15 a.m. on September 10, 2008, and that he notified the Infirmary Staff (Nurse K. Harrison), and he will also confirm that Nurse Harrison failed to segregate Mr. Goodman at that time and instead advised him that Mr. Goodman would be seen on "tomorrow's health screening list";

    h.    **Sergeant N.J. Carter** – will testify that he was also aware that Mr. Goodman should have been placed on Administrative Segregation prior to the attack;

    i.    **Nurse K. Harrison** – will admit that she failed to administratively segregate Mr. Goodman when she was notified by Officer Collier that Mr. Goodman exhibited signs of mental illness more than 21 hours before this attack began. Also, she will admit that Mr. Goodman was never placed on "tomorrow's health screening list";

    j.    **Dr. Iyesatta Massaquoi** at Grady Emergency Room – will testify regarding the nature and extent of Mr. Goodman's bodily injuries, and that Mr. Goodman's injuries were not self-inflicted;

    k.    **Investigator Terry J. Lee** -- will discuss how the findings of negligence of the Internal Affairs investigation were reached;

    l.    **Investigator V.T. Robinson-Williams** – will discuss how the findings of negligence of the Internal Affairs investigation were reached;

    m.    **Investigator Satira Walker** – will discuss how the findings of negligence of the Internal Affairs investigation were reached;

    Most of these statements are already provided in handwriting or recorded testimony that was obtained during the investigation of this incident. Given that these statements were given under oath and in connection with the Internal Affairs investigation, any "convenient" or "unexplained" changes in testimony as we approach trial will likely cast serious doubt on the credibility of the witness.

Bruce Goodman
June 16, 2009
Page 9

## SUMMARY OF DAMAGES

|  |  |  |
|---|---|---|
| a. | Injuries, Pain, Suffering, Inconvenience | $   750,000.00 |
| b. | Loss of Consortium (Mrs. Goodman) | $   150,000.00 |
| c. | Punitive Damages | $1,500,000.00 |
|  | **Total** | **$2,400,000.00** |

## SETTLEMENT DEMAND

There is no need to put the Clayton County taxpayers or CorrectHealth, LLC through what will likely be well in excess of $100,000 of litigation fees and expenses defending a federal case where the likelihood of a significant jury award is extremely high. Liability is clear and the findings of negligence by the Internal Affairs investigation and subsequent disciplinary action taken against Officer Boland and Officer Feemster should be enough to convince you that a jury will reach the same conclusion. Any trial in this case will not be about whether or not the defendants are liable, but how much is necessary to compensate Mr. Goodman and his family for the injuries he suffered as a direct result of the gross negligence and willful neglect of duties by the named defendants.

This case was previously submitted for consideration by Attorney Andres Marierose on November 13, 2008. We have reviewed this case and determined that the previous offer of $300,000.00 grossly underestimated the injuries to Mr. Goodman and the egregious conduct of the jail staff. Therefore, the previous offer of $300,000.00 is hereby rescinded. **We hereby set forth a new demand of $900,000.00 to compensate Mr. Goodman and his wife for the injuries sustained**. Our clients will accept such sum as payment in full against all defendants and our offer will remain open for your consideration for 30 days. If that sum is tendered to the undersigned on behalf of Mr. and Mrs. Goodman by 5:00 p.m. on July 13, 2009, no further action will be taken or necessary; however, if you fail to pay this amount prior to the stated deadline, all **previous offers will be immediately rescinded** and my client will have no choice but to pursue his rights under the federal laws of the United States and the state laws of Georgia.

For your convenience, we have attached the medical records of Mr. Goodman as **Exhibit B**. All other documents in the Internal Affairs Investigation File should already be in your possession, however we have also attached the Internal Investigation file hereto as **Exhibit C**.

In sum, the liability facts against the defendants in this case are clear. The seriousness of the injuries is known to you. Given your previous notification of the facts of this claim by Mr. Marierose, we see no purpose in holding this claim open beyond the time-limit set forth above. We, therefore, make our offer one of both time and amount in the hope that it will be accepted by you as the fastest and most economical resolution of this claim. Of course, this letter relates to the compromises of a disputed claim and shall not be admissible in evidence against Mr. Goodman or his attorneys.

Bruce Goodman
June 16, 2009
Page 10

     **Under the terms and conditions of O.C.G.A. § 36-11-1, Clayton County now has thirty (30) days to act upon the claims presented in this letter. We ask that you inform the County's insurance carrier and that you contact our office immediately so that our client's claims can be properly adjusted. We believe that after a thorough review of the facts of this case, Clayton County and the Clayton County Sheriff's Department will want to reach an amicable settlement which O.C.G.A. § 36-11-1 is designed to encourage.**

     If you have any questions concerning your obligations to Mr. Goodman, I would suggest you examine the caselaw supporting this type of action and take a very thoughtful look at **Exhibit A** through the eyes of a potential juror.

                                      Very truly,

                                      Gregory M. Evans
                                      Attorney for Mr. Goodman and his family

cc:    Bruce Goodman

# Exhibit "B"

Nun Action No. _____

ate Filed _____

**Attorney's or Plaintiff's Address & Telephone Number**

Larry E. Stewart

485 S. Perry Street, Ste B

Lawrenceville, GA 30046

770 822-1099

**Name and Address of Party to be Served**

Robyn Boland

Clayton County Jail
9157 Tara Boulevard
Jonesboro, Clayton County, GA 30236

**STATE COURT OF CLAYTON COUNTY**

**STATE OF GEO  IA**

Bruce Goodman and

Mary Goodman

**PLAINTIFF**

vs.

Clayton County Sheriff Kemuel

Kimbrough, Sr., Robyn Boland and
Herbert Feemster,

**DEFENDANT**

_____

_____

**GARNISHEE**

**COST OF SERVICE $** _____

## SPECIAL AGENT=S AFFIDAVIT OF ENTRY OF SERVICE

**DATE OF SERVICE:** _____    (This date must be written and clearly legible on def./garnishee=s copy)

[ ] **PERSONAL** Place of Service [ ] same as above; [ ] other, as follows: _____
I served this def./garnishee with a copy of the action & summons: _____
The person served is described as follows: approximate age_____years; approximate weight_____pounds; approximate
height_____feet and _____inches.

[ ] **NOTORIOUS** I served Def./Garnishee by leaving a copy of the action and summons at the most notorious place of abode in the
county: _LT. Robert Pauls_

Delivered the same to_____ described as follows: approximate age_____
years; approximate weight_____pounds; approximate height_____feet and _____inches, living at the residence of the
defendant.

[ ] **CORPORATION** I served the corporate entity, [ ] Defendant; [ ] Garnishee as follows: by leaving a copy with _____
_____, [ ] the registered agent; [ ] the person in charge of the office
and place of business of the corporation in Gwinnett County; at [ ] same as above; [ ] the following address:

[ ] **TACK & MAIL** I served the defendant by posting a copy to the door of the defendant=s premises designated above in the
affidavit and, on the same day, by depositing a true copy in the mail with first class postage in an envelope properly addressed to the
address shown in the summons with adequate notice to answer the summons at the place stated in the summons. (Dispossessory
onlyBresearchBresearch rules.)

[ ] **NON EST** Did not serve because after a diligent search the def/garnishee could not be found in the jurisdiction of the court.

(This portion shall be completed, under oath, after service and before filing with the Clerk of this Court, except for printed name.)
I, the undersigned, and being duly sworn, and under penalty of law, swear that I have personally effectuated service of process on the
date, time, place and manner as set forth above and that all the facts set forth herein are true and correct and that I have served a copy of this
document which bore my printed name, exclusive of my signature under oath, upon the def./garnishee simultaneous with service of all
documents connected with this action. _(Please use a blue ink which clearly indicates this is an original affidavit.)_
Sworn to before me this _____ day of

_____, 20_____

_____
Notary Public, my commission expires:/Clerk
Notary shall affix seal

Signature of Process Server (signed only before notary public/clerk)

Print Name:_____
(Must be clearly legible on **def./garnishee copy** to indicate who
made service at the time service was made.)

[_____] (Initial if applicable) I am designated as a Special Agent for
Service of Process under a standing order of this Court, attached
hereto as exhibit A   **EXHIBIT A**

DEFENDANT

**FOLLOWING IS THE LIST OF APPOINTED STATE AND SUPERIOR COURT
PERMANENT PROCESS SERVERS FOR THE 2010 CALENDAR YEAR:**

| | |
|---|---|
| Belisle, Douglas J. | 678-591-4138 |
| Belizaire, Evans | 770-947-3388 |
| Brown, Kimani | 678-264-7890 |
| Clark, Deanna C. | 678-777-4494 |
| Cline, Travis D. | 678-768-4925 |
| Davenport, Alterick S. | 678-851-3842 |
| Dixon, Marvin | 770-477-2886 |
| Dixon-Bradford, Vivian | 404-914-3479 |
| Duchon, Deborah | 404-320-1334 |
| Faulkner, Dana V. | 706-773-5983 |
| Fox, Juhani | 770-792-9979 |
| Freeman, Luke | 404-797-9515 |
| Fuller, Mary J. | 216-287-4611 |
| Fuller, Patricia | 770-428-6176 |
| Fuller, Thomas | 770-428-6176 |
| Gayle, Earl | 404-547-0346 |
| Hightower, Antonio | 770-265-2634 |
| Honeycutt, Jimmy L. | 770-914-2049 |
| Johnson, Christina M. | 404-957-3112 |
| Jones, Alice M. | 678-855-2136 |
| Jones, Leslie T. | 678-566-3533 |
| Jones-Snellings, Sharon | 770-330-6622 |
| Kidd, Elizabeth | 770-939-2333 |
| LaVecchia, Michaella | 404-291-3889 |
| Lewis, Donald | 770-908-9736 |
| Lobin, Jerome | 770-317-2970 |
| Lobin, Karen | 404-308-0092 |
| Lotenberg, Stanley | 770-413-2367 |
| Maggard, Andrew | 834-341-3811 |
| Mallas, Nicholas | 770-234-0850 |

| | |
|---|---|
| Mattis, Perry | 678-851-2031 |
| Morgan, Anisssa D. | 770-323-7324 |
| Morgan, Todd V. | 770-323-7324 |
| Morris, Barney | 404-768-7510 |
| Moss, Cynthia | 404-379-3921 |
| Nadler, Jonathan | 404-401-7702 |
| Nealon, Michael A. | 770-641-9550 |
| Nowik, Dennis | 678-300-6897 |
| Phillips, Charles E. | 678-324-1708 |
| Rary, Joseph M. | 404-261-0252 |
| Rauser, Jayne E. | 678-469-8584 |
| Rivers, Karey | 770-820-1397 |
| Robinson, Jeroy | 404-580-0870 |
| Ruddock, Kitwana L. | 678-232-0001 |
| Shadix, Jimmy | 770-304-9200 |
| Shepherd, Elizabeth A. | 404-957-1186 |
| Sheppard, Tomica R. | 404-966-1605 |
| Sleep, Thomas G. | 404-658-0813 |
| Smith, Bruce (Jr.) | 770-222-6614 |
| Smith, Virginia C. | 770-222-6614 |
| Stonica, Jacqueline E. | 770-412-9326 |
| Stonica, Michael | 770-412-9326 |
| Tamaroff, Paul | 404-320-0221 |
| Tarwater, Margaret | 770-978-8189 |
| Thrash, Nancy | 770-358-8864 |
| Tort, Henry | 404-538-0334 |
| Underwood, Robert | 770-381-2066 |
| Waites, Josh | 404-345-7358 |
| Williams, Kristi | 478-320-9298 |
| Williamson, Harrel W. | 404-552-0607 |

EXHIBIT A

CIVIL ACTION No. _____

Date Filed _____

**STATE COURT OF CLAYTON COUNTY**

**STATE OF GEORGIA**

**Attorney's or Plaintiff's Address & Telephone Number**

Larry E. Stewart

485 S. Perry Street, Ste B

Lawrenceville, GA 30046

770 822-1099

Bruce Goodman and

Mary Goodman

vs.                                                    **PLAINTIFF**

Clayton County Sheriff Kemuel

Kimbrough, Sr., Robyn Boland and

Herbert Feemster,                        **DEFENDANT** S

**Name and Address of Party to be Served**

Herbert Feemster

Clayton County Jail

9157 Tara Boulevard

Jonesboro, Clayton County,

Georgia 30236

_____

_____

                                                              **GARNISHEE**

**COST OF SERVICE $** _____

## SPECIAL AGENT=S  AFFIDAVIT OF ENTRY OF SERVICE

DATE OF SERVICE: _____

                                    (This date must be  written and clearly legible on def./garnishee=s copy)

[ ] **PERSONAL**  Place of Service [  ] same as above; [   ] other, as follows: _____
I served this def./garnishee  with a copy of the action & summons:
    The person served is described as follows: approximate age_____years; approximate weight_____pounds; approximate
height_____feet and _____inches.

[ ] **NOTORIOUS**  I served Def./Garnishee by leaving a copy of the action and summons at the most notorious place of abode in the
county: Lt. Robert Pauls

Delivered the same to_____ described as follows: approximate age_____
years; approximate weight_____pounds; approximate height_____feet and _____inches, living at the residence of the
defendant.

[ ] **CORPORATION**  I served the corporate entity, [  ] Defendant; [  ] Garnishee as follows: by leaving a copy with _____
_____, [  ] the registered agent; [  ]  the person in charge of the office
and place of business of the corporation in Gwinnett County; at [  ] same as above; [  ] the following address:

[ ] **TACK & MAIL**  I served the defendant by posting a  copy to the door of the defendant=s premises designated above in the
affidavit and, on the same day, by depositing a true copy in the mail with first class postage in an envelope properly addressed to the
address shown in the summons with adequate notice to answer the summons at the place stated in the summons. (Dispossessory
onlyBresearch rules.)

[ ] **NON EST**  Did not serve because after a diligent search the def/garnishee could not be found in the jurisdiction of the court.

This portion shall be completed, under oath, after service and before filing with the Clerk of this Court, except for printed name.)
    I, the undersigned, and being duly sworn, and under penalty of law, swear that I have personally effectuated service of process on the
ate, time, place and manner as set forth above and that all the facts set forth herein are true and correct and that I have served a copy of this
ocument which bore my printed name,  exclusive of my signature under oath, upon the def./garnishee  simultaneous with service of all
ocuments connected with this action.  *(Please use a blue ink which clearly indicates this is an original affidavit.)*
worn to before me this _____ day of

_____, 20_____

_____                    Signature of Process Server (signed only before notary public/clerk)

otary Public, my commission expires:/Clerk                Print Name:_____
tary shall affix seal                                                (Must be clearly legible on **def./garnishee** copy to indicate who
                                                                            made service at the time service was made.)

                                                            [_____] (Initial if applicable) I am designated as a Special Agent for
                                                            Service of Process under a standing order of this Court, attached
                                                            EXHIBIT "A"
                                                            DEFENDANT

**FOLLOWING IS THE LIST OF APPOINTED STATE AND SUPERIOR COURT PERMANENT PROCESS SERVERS FOR THE 2010 CALENDAR YEAR:**

| Name | Phone |
|---|---|
| Belisle, Douglas J. | 678-591-4138 |
| Belizaire, Evans | 770-947-3388 |
| Brown, Kimani | 678-264-7890 |
| Clark, Deanna C. | 678-777-4494 |
| Cline, Travis D. | 678-768-4925 |
| Davenport, Alterick S. | 678-851-3842 |
| Dixon, Marvin | 770-477-2886 |
| Dixon-Bradford, Vivian | 404-914-3479 |
| Duchon, Deborah | 404-320-1334 |
| Faulkner, Dana V. | 706-773-5983 |
| Fox, Juhani | 770-792-9979 |
| Freeman, Luke | 404-797-9515 |
| Fuller, Mary J. | 216-287-4611 |
| Fuller, Patricia | 770-428-6176 |
| Fuller, Thomas | 770-428-6176 |
| Gayle, Earl | 404-547-0346 |
| Hightower, Antonio | 770-265-2634 |
| Honeycutt, Jimmy L. | 770-914-2049 |
| Johnson, Christina M. | 404-957-3112 |
| Jones, Alice M. | 678-855-2136 |
| Jones, Leslie T. | 678-566-3533 |
| Jones-Snellings, Sharon | 770-330-6622 |
| Kidd, Elizabeth | 770-939-2333 |
| LaVecchia, Michaella | 404-291-3889 |
| Lewis, Donald | 770-908-9736 |
| Lobin, Jerome | 770-317-2970 |
| Lobin, Karen | 404-308-0092 |
| Lotenberg, Stanley | 770-413-2367 |
| Maggard, Andrew | 834-341-3811 |
| Mallas, Nicholas | 770-234-0850 |

| Name | Phone |
|---|---|
| Mattis, Perry | 678-851-2031 |
| Morgan, Anisssa D. | 770-323-7324 |
| Morgan, Todd V. | 770-323-7324 |
| Morris, Barney | 404-768-7510 |
| Moss, Cynthia | 404-379-3921 |
| Nadler, Jonathan | 404-401-7702 |
| Nealon, Michael A. | 770-641-9550 |
| Nowik, Dennis | 678-300-6897 |
| Phillips, Charles E. | 678-324-1708 |
| Rary, Joseph M. | 404-261-0252 |
| Rauser, Jayne E. | 678-469-8584 |
| Rivers, Karey | 770-820-1397 |
| Robinson, Jeroy | 404-580-0870 |
| Ruddock, Kitwana L. | 678-232-0001 |
| Shadix, Jimmy | 770-304-9200 |
| Shepherd, Elizabeth A. | 404-957-1186 |
| Sheppard, Tomica R. | 404-966-1605 |
| Sleep, Thomas G. | 404-658-0813 |
| Smith, Bruce (Jr.) | 770-222-6614 |
| Smith, Virginia C. | 770-222-6614 |
| Stonica, Jacqueline E. | 770-412-9326 |
| Stonica, Michael | 770-412-9326 |
| Tamaroff, Paul | 404-320-0221 |
| Tarwater, Margaret | 770-978-8189 |
| Thrash, Nancy | 770-358-8864 |
| Tort, Henry | 404-538-0334 |
| Underwood, Robert | 770-381-2066 |
| Waites, Josh | 404-345-7358 |
| Williams, Kristi | 478-320-9298 |
| Williamson, Harrel W. | 404-552-0607 |

EXHIBIT A

Civil Action No. _____

Date Filed _____

**Attorney's or Plaintiff's Address & Telephone Number**

Larry E. Stewart

485 S. Perry Street, Ste B

Lawrenceville, GA 30046

770 822-1099

**Name and Address of Party to be Served**

Clayton County Sheriff Kemuel

Kimbrough, Sr.

Clayton County Jail

9157 Tara Boulevard, Jonesboro,

Clayton County, GA 30236

**STATE COURT OF CLAYTON COUNTY**

**STATE OF GEOR**

Bruce Goodman and

Mary Goodman

             **PLAINTIFF**

      vs.

Clayton County Sheriff Kemuel

Kimbrough, Sr., Robyn Boland and

Herbert Feemster,   **DEFENDANT** S

_____

_____

_____ **GARNISHEE**

COST OF SERVICE $ _____

## SPECIAL AGENT=S  AFFIDAVIT OF ENTRY OF SERVICE

DATE OF SERVICE: _____ (This date must be  written and clearly legible on def./garnishee=s copy)

[ ] **PERSONAL**  Place of Service [ ] same as above; [ ] other, as follows: _____
I served this def./garnishee  with a copy of the action & summons: _____
 The person served is described as follows: approximate age_____ years; approximate weight_____pounds; approximate
height_____feet and _____inches

[X] **NOTORIOUS**  I served Def./Garnishee by leaving a copy of the action and summons at the most notorious place of abode in the
county: _____ *Kym Wng* (Sheriff's assistant)_____
Delivered the same to _____ described as follows: approximate age_____
years; approximate weight_____ pounds; approximate height_____feet and _____inches, living at the residence of the
defendant.

[ ] **CORPORATION**  I served the corporate entity, [ ] Defendant; [ ] Garnishee as follows: by leaving a copy with _____
_____, [ ] the registered agent; [ ]   the person in charge of the office
and place of business of the corporation in Gwinnett County;  at [ ] same as above; [ ] the following address:

[ ] **TACK & MAIL**  I served the defendant by posting a  copy to the door of the defendant=s premises designated above in the
affidavit and, on the same day, by depositing a true copy in the mail with first class postage in an envelope properly addressed to the
address shown in the summons with adequate notice to answer the summons at the place stated in the summons. (Dispossessory
onlyBresearch rules.)

[ ] **NON EST**  Did not serve because after a diligent search the def/garnishee could not be found in the jurisdiction of the court.

(This portion shall be completed, under oath, after service and before filing with the Clerk of this Court, except for printed name.)
 I, the undersigned, and being duly sworn, and under penalty of law, swear that I have personally effectuated service of process on the
date, time, place and manner as set forth above and that all the facts set forth herein are true and correct and that I have served a copy of this
document which bore my printed name,  exclusive of my signature under oath, upon the def./garnishee  simultaneous with service of all
documents connected with this action.   *(Please use a blue ink which clearly indicates this is an original affidavit.)*
Sworn to before me this _____ day of

_____, 20_____

_____

Notary Public, my commission expires:/Clerk

Notary shall affix seal

        Signature of Process Server (signed only before notary public/clerk)

        Print Name: _____
        (Must be clearly legible on **def./garnishee  copy** to indicate who
        made service at the time service was made.)

        [_____] (Initial if applicable) I am designated as a Special Agent for
        Service of Process under a standing order of this Court, attached
        hereto as exhibit.  EXHIBIT A

**FOLLOWING IS THE LIST OF APPOINTED STATE AND SUPERIOR COURT
PERMANENT PROCESS SERVERS FOR THE 2010 CALENDAR YEAR:**

| Name | Phone | Name | Phone |
|------|-------|------|-------|
| Belisle, Douglas J. | 678-591-4138 | Mattis, Perry | 678-851-2031 |
| Belizaire, Evans | 770-947-3388 | Morgan, Anisssa D. | 770-323-7324 |
| Brown, Kimani | 678-264-7890 | Morgan, Todd V. | 770-323-7324 |
| Clark, Deanna C. | 678-777-4494 | Morris, Barney | 404-768-7510 |
| Cline, Travis D. | 678-768-4925 | Moss, Cynthia | 404-379-3921 |
| Davenport, Alterick S. | 678-851-3842 | Nadler, Jonathan | 404-401-7702 |
| Dixon, Marvin | 770-477-2886 | Nealon, Michael A. | 770-641-9550 |
| Dixon-Bradford, Vivian | 404-914-3479 | Nowik, Dennis | 678-300-6897 |
| Duchon, Deborah | 404-320-1334 | Phillips, Charles E. | 678-324-1708 |
| Faulkner, Dana V. | 706-773-5983 | Rary, Joseph M. | 404-261-0252 |
| Fox, Juhani | 770-792-9979 | Rauser, Jayne E. | 678-469-8584 |
| Freeman, Luke | 404-797-9515 | Rivers, Karey | 770-820-1397 |
| Fuller, Mary J. | 216-287-4611 | Robinson, Jeroy | 404-580-0870 |
| Fuller, Patricia | 770-428-6176 | Ruddock, Kitwana L. | 678-232-0001 |
| Fuller, Thomas | 770-428-6176 | Shadix, Jimmy | 770-304-9200 |
| Gayle, Earl | 404-547-0346 | Shepherd, Elizabeth A. | 404-957-1186 |
| Hightower, Antonio | 770-265-2634 | Sheppard, Tomica R. | 404-966-1605 |
| Honeycutt, Jimmy L. | 770-914-2049 | Sleep, Thomas G. | 404-658-0813 |
| Johnson, Christina M. | 404-957-3112 | Smith, Bruce (Jr.) | 770-222-6614 |
| Jones, Alice M. | 678-855-2136 | Smith, Virginia C. | 770-222-6614 |
| Jones, Leslie T. | 678-566-3533 | Stonica, Jacqueline E. | 770-412-9326 |
| Jones-Snellings, Sharon | 770-330-6622 | Stonica, Michael | 770-412-9326 |
| Kidd, Elizabeth | 770-939-2333 | Tamaroff, Paul | 404-320-0221 |
| LaVecchia, Michaella | 404-291-3889 | Tarwater, Margaret | 770-978-8189 |
| Lewis, Donald | 770-908-9736 | Thrash, Nancy | 770-358-8864 |
| Lobin, Jerome | 770-317-2970 | Tort, Henry | 404-538-0334 |
| Lobin, Karen | 404-308-0092 | Underwood, Robert | 770-381-2066 |
| Lotenberg, Stanley | 770-413-2367 | Waites, Josh | 404-345-7358 |
| Maggard, Andrew | 834-341-3811 | Williams, Kristi | 478-320-9298 |
| Mallas, Nicholas | 770-234-0850 | Williamson, Harrel W. | 404-552-0607 |

EXHIBIT A